Taylor, C. J.
delivered the judgment of the Court:
We do not apprehend that any of the acts of Assembly on this subject, will, when fairly construed, warrant the taxation of the costs of witnesses against a prosecutor, under the circumstances of this case.
The first act of 1779, c. 4, authorises the Court to order the costs to be paid by the prosecutor, where the State shall fail upon the prosecution of any offence of an inferior na *425 ture, in case such prosecution shall appear to have been frivolous or malicious.
The uniform exposition of this act, has confined it to a failure by an acquittal of the defendant; because it contemplates that the witnesses must be examined in presence of this Court, to the end of enabling them to judge whether the procecution is frivolous or malicious.
If it extended to other cases of failure, then it would embrace that of a nolle prosequi; yet in 1797, it was thought necessary to pass an act to provide for that case, and to authorise the Courts to tax the prosecutor with costs, if the prosecution was promoted on frivolous or malicious pretences and grounds. And this, it is believed, can only be made known to the Court by testimony.
The only remaining act is that of 1800, c. 17, which provides, that if the defendant be acquitted on any charge of an inferior nature, the Court may order the costs to be paid by the prosecutor, if such prosecution shall appear to have been frivolous or malicious.
An indictment may be quashed if the offence be not indictable, or if it is not set forth with legal precision; but if it is free from these imperfections, it is not easy to conceive how it could be quashed for being frivolous or malicious. This could only be done by a law authorising the Court to proceed as in the case of a nolle prosequi.
We are therefore of opinion, that all the witnesses’ tickets should be struck from the taxation of costs.